1  **WO**                                                                    SC

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9
   William J. Pedersen,                    )    No. CV 09-2330-PHX-MHM (DKD)
10                                          )
                  Plaintiff,                )    **ORDER**
11                                          )
   vs.                                      )
12                                          )
   Charles Ryan, et al.,                    )
13                                          )
                  Defendants.               )
14  _____ )

15         Plaintiff William J. Pedersen, who is confined in the Special Management Unit I

16  (SMU I) in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

17  § 1983, which the Court dismissed with leave to amend. (Doc.# 1, 4.)[1] Plaintiff filed a First

18  Amended Complaint, which the Court also dismissed for failure to state a claim with leave

19  to amend. (Doc.# 6, 7.) Plaintiff has filed a Second Amended Complaint. (Doc.# 8.) The

20  Court will order Defendants Ryan, Baca, Matson, Burke, and Branch to answer Count I (in

21  part) of the Second Amended Complaint and will dismiss the remaining claims.

22  **I.    Statutory Screening of Prisoner Complaints**

23         The Court is required to screen complaints brought by prisoners seeking relief against

24  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

25  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

26  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

27

28
   ─────────────────────
        [1] "Doc.#" refers to the docket number of filings in this case.

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II.    Second Amended Complaint

Plaintiff alleges one count for violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment and threat to safety. Plaintiff sues the following employees of the Arizona Department of Corrections (ADC): Protective Segregation (PS) Administrators Hugh Matson, Audrey Burke, and Jeff Branch; and Classification Administrator Juanita Baca. Plaintiff seeks compensatory and injunctive relief.

Plaintiff alleges the following facts in his Second Amended Complaint: Plaintiff was previously designated as a member of a Security Threat Group (STG), which made him ineligible for confinement at lower custody levels. Plaintiff renounced his STG membership and he was confined in a super-maximum unit during the lengthy debriefing process. Plaintiff successfully completed the debriefing process, including administration of a

polygraph, and was recommended for placement in the Rast Unit, the only closed custody unit for debriefed former STG members in Arizona. However, Defendants prevented Plaintiff's transfer to the lower-custody Rast Unit because his brother–who had previously renounced his own STG membership–was already housed in Rast pursuant to a new prison regulation that provided that siblings were not to be housed in the same unit unless no other placement was possible. The Defendants caused Plaintiff and his brother to be placed on one another's "Do Not House With" (DNHW) list, with the effect that Plaintiff cannot be moved from an SMU placement unless or until his brother completes his sentence in three years or is otherwise moved out of Rast. Plaintiff contends that as a consequence of Defendants' actions, he will be held in super maximum confinement for another three years after having already been held in such confinement for two years. Plaintiff alleges that the conditions in SMU I are unconstitutional based on virtually perpetual fluorescent lighting and constant and extreme noise, which cause Plaintiff to suffer from tension headaches, anxiety, and severe sleep deprivation and which are seriously affecting his mental health.

**III. Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff in part asserts that Defendants violated his constitutional rights by failing to comply with prison regulations. As the Court previously informed Plaintiff, there is no constitutional right to a particular classification. Vignolo v. Miller, 120 F.3d 1075 (9th Cir. 1997); Baumann v. Arizona Dep't. of Corr., 754 F.2d 841,846 (9th Cir. 1985). Further, inmates have no liberty interest in remaining in a particular institution; an inmate may be transferred for any constitutionally permissible reason or for no reason at all. Meachum v.

Fano, 427 U.S. 215, 225 (1976); Ward v. Dyke, 58 F.3d 271, 274 (6th Cir. 1995); Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir.1982); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985).

In his Second Amended Complaint, Plaintiff in part alleges that Defendants could have him housed in the same unit as his brother if no other placement is available. However, Plaintiff acknowledges that his placement in SMU is an available alternative to housing him in the Rast Unit and avoids housing him in the same unit as his brother. Plaintiff's mere confinement in SMU as an alternative to housing him in the same unit as his brother, even when ostensibly permitted under prison regulation, does not rise to the level of a constitutional violation. Accordingly, to that extent, Plaintiff's claim will be dismissed for failure to state a claim.

**IV.     Claim for Which an Answer Will be Required**

Plaintiff alleges in part that Defendants have caused him to be held in unconstitutional conditions of confinement. Defendants will be required to respond to this portion of Plaintiff's claim.

**V.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count I (in part) is **dismissed** without prejudice. (Doc.# 8.)

(2)     Defendants Ryan, Baca, Matson, Burke, and Branch must answer Count I (in part). (Doc.# 8.)

(3)     The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc.# 8), this Order, and both summons and request for waiver forms for Defendants Ryan, Baca, Matson, Burke, and Branch.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

/ / /

(11)     This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 1st day of July, 2010.

_____
Mary H. Murguia
United States District Judge